No. 91-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

TERESA PATTERSON,

      Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          William Boggs, Attorney at Law,
Missoula, Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General,
James B. Obie, Assistant Attorney General,
David L. Ohler, Assistant Attorney General,
Helena, Montana; Robert L. Deschamps, III,
Missoula County Attorney, Missoula, Montana

**FILED**

APR 3 0 1992

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: April 2, 1992

Decided: April 30, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Teresa Patterson appeals from the decision of the Fourth Judicial District Court, County of Missoula, denying her motion for additional credit for jail time served. Patterson's motion requested that the District Court order the Montana State Prison to credit her for 106 days of jail time served, instead of the 56 days for which the defendant has received credit. We reverse.

The only issue before the Court is whether all the defendant's time served in jail should be counted for purposes of determining the defendant's discharge and parole eligibility dates.

Within the time period of about one year the defendant was charged with and pled guilty to the commission of various felonies in four different criminal court actions. These convictions led to a deferred imposition of sentence, a suspended sentence, several revocations, and eventually two prison sentences to be served concurrently at the Women's Correctional Facility at Warm Springs.

Defendant was charged with felony theft in Department Three of the Fourth Judicial District Court, Missoula County. This action was Cause No. 9103 in the District Court. Upon a plea of guilty, the defendant received a six-year deferred imposition of sentence, with numerous conditions of probation.

Defendant was then charged in Department One of the Fourth Judicial District Court with felony assault in Cause No. 9164. A second count of felony deceptive practices was added to the information by amendment. Upon a plea of guilty to both counts,

2

the defendant was sentenced to eight years at the Women's Correctional Facility, with the entire sentence suspended on numerous conditions of probation.

Defendant was also charged, again in Department One, with felony deceptive practices in Cause No. 9458. Shortly thereafter, defendant was charged with two counts of forgery in Department One of the Fourth Judicial District Court, Cause No. 9494. During this same time period, petitions were filed to revoke the previously deferred sentence in Cause No. 9103 and the previously suspended sentence in Cause No. 9164.

The deferred sentence in Cause No. 9103 was revoked, and on March 14, 1991, the defendant was sentenced in Department Three to ten years in the Women's Correctional Facility. The judgment indicated the defendant was to receive credit for 56 days of jail time served. The defendant pled guilty in Cause Nos. 9458 and 9494. The suspended sentence in Cause No. 9164 was revoked. Cause Nos. 9164, 9458, and 9494 were merged for sentencing in Department One. On March 20, 1991, the defendant was sentenced in Cause No. 9164 to two eight-year terms at the Women's Correctional Facility, with the two terms to run concurrently. Defendant was sentenced in Cause No. 9458 to ten years at the Women's Correctional Facility, with five years of the sentence suspended. Finally, in Cause No. 9494 the defendant was sentenced to two twenty-year terms in the Women's Correctional Facility with ten years suspended from each sentence, the two remaining ten-year sentences to run concurrently.

3

Defendant was to receive credit for 106 days of jail time served. The District Court stated that all of the sentences imposed on March 20, 1991, "shall run concurrent with each other and concurrent with the sentence imposed in Cause No. 9103."

To summarize, the defendant is serving a ten-year sentence in Cause No. 9103, imposed on March 14, 1991, with the District Court ordering that credit should be given for 56 days of jail time served. In merged Cause Nos. 9164, 9458, and 9494, all the sentences were imposed on March 20, 1991, with the longest sentence being ten years. That ten-year sentence was to run concurrently with the sentence imposed in Cause No. 9103. The District Court determined that in the three merged actions the defendant should receive credit for 106 days of jail time served.

Both parties agree that the Defendant served, on various occasions in 1990 and 1991, a total of 106 days in jail during the course of the proceedings in the four criminal actions. In determining the appropriate credit for days already spent in jail, the District Court Judge in Cause No. 9103 apparently attempted to determine which days spent in jail were directly attributable to the action in Cause No. 9103. In the judgment in Cause No. 9103, the District Court did not explain why these 56 days were included, or why others were excluded, but merely indicated the defendant was to receive credit for certain days spent in jail. In the merged causes, the District Court Judge allowed for 106 days credit,

4

apparently not attempting to distinguish which days were spent in jail for which causes.

Upon arriving at the Women's Correctional Facility, the defendant contacted her counsel inquiring as to discharge and parole eligibility dates. Defense counsel contacted the records supervisor at the Montana State Prison. The records supervisor is the individual who calculates jail time credits and prison discharge dates for prison inmates. She also provides this same information for inmates at the Women's Correctional Facility.

The records supervisor explained that in Cause No. 9103 the defendant was sentenced on March 14, 1991, and was given credit for 56 days served. Therefore, the 56 days are subtracted from the sentencing date to find the sentence commencement date, which in this instance is January 17, 1991. The maximum discharge date for the ten-year sentence would then be January 17, 2001. In the merged sentences imposed on March 20, 1991, a sentence commencement date of December 4, 1990, was found by subtracting 106 days from the imposition of sentence. The maximum discharge date for this ten-year sentence would be December 4, 2000.

Counsel for the defendant argued that it was incorrect that two ten-year sentences, which were being served concurrently, could have different discharge dates. Defense counsel requested that prison officials credit defendant with 106 days of jail time served in Cause No. 9103 so that the discharge dates would be the same on both concurrent sentences. The prison responded that it would not

5

make such a change without a court order. Defendant filed a motion in Cause No. 9103 for an order directing the Montana State Prison to credit her with 106 days jail time against all sentences. Following an evidentiary hearing on the matter, at which the prison records supervisor testified, the court issued an order denying the defendant's request.

The issue before the Court is whether all the defendant's time served in jail should be counted for purposes of determining the defendant's discharge and parole eligibility dates.

Both parties agree that this particular issue has not been previously addressed by this Court. Defendant argues that she should be given credit for 106 days and not 56 days as stated by the District Court in its judgment in Cause No. 9103. This argument is based on the defendant's contention that there was no factual or documentary support for the determination that only 56 days of the defendant's confinement related to Cause No. 9103. Additionally, defendant contends that even if it had been adequately shown that only 56 days of jail time were attributable to Cause No. 9103, it was still error not to allow for 106 days. Defendant relies on a number of decisions from other jurisdictions with statutes similar to Montana's. Defendant contends these cases hold that in concurrent sentences the sentencing court is required to give credit for the full period of presentence confinement against each of the concurrent sentences.

6

In this case, it is difficult to determine with any degree of certainty from the record before this Court the relationship between the various periods during which defendant was incarcerated and the multiple charges against her during this time period. It is equally difficult to determine if any of the charges were related or arose out of the same transactions, or whether the defendant was confined on more than one charge at a time due to the inability of the defendant to post bail. Under these circumstances, the defendant should be credited with the total number of days spent in jail prior to sentencing. Prior to the March 14, 1991, sentencing in Cause No. 9103 the defendant had spent a total of 100 days in jail for which she will be given credit. The defendant had spent a total of 106 days in jail prior to receiving the concurrent ten-year sentence in the merged Cause Nos. 9164, 9458, and 9494 on March 20, 1991, and was properly given credit for all 106 days.

We reverse and remand to the District Court for an appropriate order to the Montana State Prison consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8